Hugh E. SPERRY, Regional Director of the Seventeenth Region of the National Labor Relations Board, for an on behalf of the National Labor Relations Board, Petitioner,

v.

LOCAL 978, UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, AFL-CIO; Local 676, International Hod Carriers, Building & Common Laborers Union of America, AFL-CIO; Local 16-16-B, International Union of Operating Engineers; and Local 178, United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, Respondents.

No. 1525.

United States District Court
W. D. Missouri, S. D.

Oct. 22, 1957.

Jerome D. Fenton, Gen. Counsel, Stephen Leonard, Associate Gen. Counsel, Winthrop A. Johns, Associate Gen. Counsel, Washington, D. C., Thomas C. Hendrix, Chief Law Officer, Kansas City, Mo., Sanfjord B. Teu, II, Atty., Washington, D. C., for petitioner.

Daniel J. Leary, Joplin, Mo., for respondents.

Wells T. Lovett, Owensboro, Ky., and Clarence O. Woolsey, Springfield, Mo., for Markwell & Hartz, Contractors.

R. JASPER SMITH, District Judge.

This is an action initiated upon the verified petition of Hugh E. Sperry, Director of the Seventeenth Region of the National Labor Relations Board, on behalf of the Board for a temporary injunction pursuant to Section 10($l$) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 160($l$), against Local 978, United Brotherhood of Carpenters & Joiners of America, AFL-CIO (hereinafter called Carpenters), Local 676, International Hod Carriers, Building and Common Laborers Union of America, AFL-CIO (hereinafter called Laborers), Local 16-16-B, International Union of Operating Engineers (hereinafter called Engineers), and Local 178, United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO (hereinafter called Plumbers), pending the final disposition of matters pending before the Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in the petition. Respondents filed answers to the petition. Hearing was conducted beginning October 21, 1957. All parties, including Markwell & Hartz, Contractors, (hereinafter called M & H) participated.

After full consideration of the petition, answer, evidence and arguments of counsel, I find as follows:

Upon the entire record I find no evidence furnishing a basis for reasonable cause to believe that the Engineers and Plumbers are guilty of acts and conduct calling for the injunctive relief prayed, and this proceeding is, therefore, dismissed as to them.

I make the following findings of fact:

1. Petitioner is Regional Director of the Seventeenth Region of the Board, an agency of the United States, and he has filed this petition for and on behalf of the Board.

2. Respondents, unincorporated associations, are labor organizations within the meaning of Sections 2(5), 8(b), and 10(*l*) of the Act, 29 U.S.C.A. §§ 152(5), 158(b), 160(*l*), and at all times material herein have been engaged within this judicial district in transacting business and in promoting and protecting the interest of their employee members.

3. On or about October 4, 1957, M. & H, pursuant to the provisions of the Act, filed a charge with the Board alleging that respondents have engaged in, and are engaging in, unfair labor practices within the meaning of Section 8(b), subsection (4)(D) of the Act. The charge was referred to Petitioner as Regional Director of the Seventeenth Region of the Board for investigation, and was investigated by him and under his supervision.

4. There is, and petitioner has, reasonable cause to believe that:

(a) M & H, a copartnership whose principal office is located at Memphis, Tennessee, is engaged in the business of general contracting in the construction industry. During the past twelve-month period M & H performed construction services valued at over $1,500,000 outside the State of Tennessee.

(b) At all times material herein, in the operation of its business, M & H has employed and presently employs various craftsmen who are represented for collective-bargaining purposes by United Construction Workers, Division of District 50, affiliated with the United Mine Workers of America (hereinafter called District 50), on behalf of Local 613, a labor organization within the meaning of Section 8(b) (4) (D) of the Act.

(c) On or about July 23, 1957, M & H was engaged by the City of Springfield, Missouri, to construct the Northwest Sewage Treatment Plant (hereinafter called the sewage plant) for approximately $950,000.

(d) M & H commenced the performance of that contract on or about August 12, 1957, utilizing its own employees who are members of or represented by District 50. At that time there was no collective bargaining contract between M & H and Local 613, the contract having been signed August 23, 1957.

(e) M & H subcontracted part of the work to other contractors, including the plumbing and heating work to Southwest Plumbing & Heating Company (hereinafter called Southwest), the supplying of ready mixed concrete to Garrett Construction Company (hereinafter called Garrett) and the performance of electrical work to Aton-Luce Electric Company (hereinafter called Aton-Luce).

(f) At times material here, electrical employees of the City of Springfield were also engaged in work at the sewage plant.

(g) Since on or about August 12, 1957, respondents have contended that the work of constructing the sewage plant is within the jurisdiction of respondents and other craft unions in Springfield, Missouri, and vicinity, and have demanded that M & H assign such work to employees who are members of or represented by respondents or other craft unions and who are not members of or represented by District 50.

(h) At no time material here have respondents, or any of them, been certified by the Board as the collective-bargaining representative of any of the employees of M & H who are engaged in the construction of said sewage plant.

(i) In furtherance of their demands, since on or about August 26, 1957, re-

spondents Carpenters and Laborers, acting in concert, have picketed the sewage plant site, and have ordered, directed, instructed, and appealed to employees of M & H, the City of Springfield, Southwest, Garrett, Aton-Luce, and of other employers, not to work behind or cross the picket line to perform services for their employers.

(j) As a result of the acts and conduct of respondents Carpenters and Laborers, employees of the City of Springfield quit work at the Springfield project on August 26, 1957, and have not returned to the job; and employees of Southwest, Aton-Luce, Garrett, and other employers refused to cross the picket line to make deliveries to the project.

(k) In addition, respondents Carpenters and Laborers appealed to employees of Griesemer Quarry (hereinafter called Griesemer) to refuse to load a wagon drill, which M & H had rented from Griesemer, on to an M & H truck at Griesemer's premises.

(l) By their acts and conduct set forth here, and by other means, respondents Carpenters and Laborers have engaged in, and have induced and encouraged employees of M & H, the City· of Springfield, Southwest, Aton-Luce, Garrett, Griesemer, and of other employers, to engage in, strikes or concerted refusals in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on goods, articles, materials, or commodities or to perform services for M & H.

(m) An object of the acts and conduct of respondents Carpenters and Laborers set forth here was and is to force or require M & H to assign work in connection with the construction of the sewage plant to employees who are members of respondents and other craft unions in Springfield, Missouri, and vicinity, rather than to M & H's own employees who are not members of or represented by respondents or other craft unions or who are members of or represented by District 50.

5. The acts and conduct of respondents Carpenters and Laborers occurring in connection with the operations of M & H, have a close, intimate, and substantial relation to trade, traffic, and commerce among the several States and tend to lead and do lead to labor disputes burdening and obstructing commerce and the free flow of commerce.

6. It may be fairly anticipated that, unless enjoined, respondents Carpenters and Laborers will continue or repeat the acts and conduct set out herein, or similar or like acts and conduct.

I make the following Conclusions of Law:

1. This Court has jurisdiction ·of the parties and the subject matter of this proceeding and under Section 10(1) of the Act, is empowered to grant injunctive relief.

2. Respondents are labor organizations within the meaning of Sections 2(5), 8(b), and 10(l) of the Act.

3. There is, and petitioner has, reasonable cause to believe that:

(a) M & H is engaged in commerce within the meaning of Section 2(6) and (7) of the Act.

(b) Respondents Carpenters and Laborers have engaged in unfair labor practices within the meaning of Section 8(b), subsection (4) (D) of the Act, and affecting commerce within the meaning of Section 2, subsections (6) and (7) of the Act, and a continuation of these practices will impair the policies of the Act as set forth in Section 1 thereof.

4. To preserve the issues for the determination of the Board as provided in the Act, it is appropriate, just and proper that, pending the final disposition of these matters pending before the Board, respondents Carpenters and Laborers, their officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or in participation with them, be enjoined and restrained from the commission, continuation, or repetition of the acts and conduct complained of, or like or related

acts or conduct the commission of which in the future is likely or may fairly be anticipated from the acts and conduct of respondents Carpenters and Laborers in the past.